IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

DIGITAL CONCEALMENT SYSTEMS, LLC,

    Plaintiff,

vs.

HYPERSTEALTH BIOTECHNOLOGY CORP.,

    Defendant.

CASE NO. 4:11-CV-195 (CDL)

O R D E R

This action arises from Plaintiff Digital Concealment Systems, LLC's alleged infringement of Defendant HyperStealth Biotechnology Corp.'s copyrights in its camouflage patterns. After receiving a cease-and-desist letter from HyperStealth, Digital filed this action seeking a declaratory judgment that its "A-TACS FG Camo" pattern does not infringe on any of HyperStealth's copyrights. HyperStealth counterclaimed for copyright infringement of ten of its patterns. Digital has filed a motion for summary judgment as to these claims. With the exception of the claim that HyperStealth has abandoned, the Court denies Digital's Motion for Summary Judgment (ECF No. 34).[1] In reaching this decision, the Court did not rely on the

---

[1] HyperStealth abandoned one claim of infringement of its pattern "Eurospec-Omni6-4C-F-60." Def.'s Resp. to Pl.'s Statement of Material Facts ¶ 4, ECF No. 58-1. Therefore, the Court grants summary judgment in favor of Digital as to this claim.

opinions of HyperStealth's expert. Therefore, Digital's motion to exclude that evidence (ECF No. 63) is terminated as moot.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Digital creates and licenses tactical camouflage patterns and is co-owned by its only employees, Philip Duke and Steve Hanks. HyperStealth is also in the tactical camouflage business. HyperStealth uses patterns developed by one of its founders, Guy Cramer. Digital developed the design for a camouflage pattern described as "A-TACS FG Camo." HyperStealth contends that this pattern infringes on nine of its copyrighted patterns. Fabric swatches for each of the patterns are included

in the present record and described as follows: Digital's "A-TACS FG Camo," Pl.'s Mot. for Summ. J. Ex. C, ECF No. 34-2; HyperStealth's "CAMOPAT," *id.* at Ex. J, ECF No. 34-4; HyperStealth's "CAMOPAT Advanced Recon," *id.* at Ex. K; HyperStealth's "Eurospec35," *id.* at Ex. L; HyperStealth's "Ghostex Alpha-3," *id.* at Ex. M; HyperStealth's "Ghostex Delta-1," *id.* at Ex. N; HyperStealth's "Ghostex Delta-6," *id.* at Ex. O; HyperStealth's "Polecam," *id.* at Ex. P; HyperStealth's "SOPAT," *id.* at Ex. Q; and HyperStealth's "SpecAM," *id.* at Ex. R.[2] Cramer identifies all nine of HyperStealth's patterns in his video deposition and points to and describes the similarities he sees during a side by side comparison of Digital's A-TACS FG Camo and each of HyperStealth's patterns as follows.[3]

---

[2] Digital has filed Exhibits J-R manually with the Court.  While HyperStealth objects to nearly all of these exhibits because it has not received copies of this physical evidence, the Court notes that Exhibits J-R appear to represent the same patterns identified by Cramer, HyperStealth's pattern developer, in his video deposition. Cramer Dep. 104:3-107:2, 114:16-115:10, 121:6-14, 128:23-129:9, 134:16-24, 158:23-159:2, 174:8-11, 189:10-20, 198:12-19, 205:15-17, 210:19-21, 215:17-24, 220:13-20, 225:14-24, ECF No. 36; *accord* Cramer Video Dep. Discs 4-5, filed manually with the Court.  Therefore, despite HyperStealth's protestations, the Court finds that Exhibits J-R undisputedly represent the respective patterns.
[3] Digital generally disputes that Cramer's testimony points out areas of the patterns that are actually similar.  *See* Cramer Dep. 229:9-17 (stating that he cannot say which of the nine patterns Digital copied).  However, Cramer also states that A-TACS FG Camo is similar enough to all nine of HyperStealth's patterns, despite some modifications, to "cause some to perceive an almost identical pattern." *Id.* at 78:2-8.

A.   SOPAT

Cramer identifies the following as similarities between SOPAT, Ex. Q, and A-TACS FG Camo, Ex. C: the light area being next to the second-lightest area; the geometry in the tan, beige, and brown areas; the horizontal flow of dark areas; the shadowing in a green area; four specific areas with similar sizes and shapes; the color combinations, despite no exact color matches; the soft edges of the shapes; and the density (described as the relative amount of filled versus open space) of the pattern overall.  Cramer Dep. 158:23-172:7.  Digital points out the following as differences: SOPAT uses five solid colors and has more dark brown to green than A-TACS FG Camo's 12-color blend from light to dark green/brown; SOPAT has hard edges but uses pixels to create rounder shapes while A-TACS FG Camo uses soft and blended round shapes; SOPAT is more closed in with greater density than A-TACS FG Camo; and SOPAT has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation.  Pl.'s Mot. for Summ. J. Ex. B, Duke Aff. ¶¶ 49-59, ECF No. 34-2.

B.   SpecAm

Cramer identifies the following as similarities between SpecAm, Ex. R, and A-TACS FG Camo, Ex. C: the light area being next to the second-brightest area; a big vertical pattern of similar geometry; the way three areas with bright colors and

4

shadow elements are configured; one more area that looks like a mirror image in one pattern compared to the other; and similar coloration.  Cramer Dep. 174:8-184:25.  Digital points out the following as differences: SpecAm uses four solid colors and has more dark brown to green than A-TACS FG Camo's 12-color blend from light to dark green/brown; SpecAm has hard edges but uses pixels to create rounder shapes while A-TACS FG Camo uses soft and blended round shapes; SpecAm is more closed in with greater density than A-TACS FG Camo; and SpecAm has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation.  Duke Aff. ¶¶ 60-70.

    C.   <u>Polecam</u>

Cramer identifies the following as similarities between Polecam, Ex. P, and A-TACS FG Camo, Ex. C: the brightest areas being next to the second-brightest areas; three lighter areas of open space and two darker areas with similar patterns; an area appearing to mirror a configuration in the other pattern; and overall pattern density.  Cramer Dep. 189:10-20, 193:10-194:11.  Digital points out the following as differences: Polecam uses four solid colors and has more dark brown to green than A-TACS FG Camo's 12-color blend from light to dark green/brown; Polecam uses pixilation, angular shapes, and dark green/brown outlining in contrast to A-TACS FG Camo's softer and blended round shapes; Polecam is more closed in with greater density than A-TACS FG

Camo; and Polecam has horizontal and vertical elements stretched out to appear more horizontal compared to A-TACS FG Camo's horizontal orientation. Duke Aff. ¶¶ 104-14.

### D. Eurospec35

Cramer identifies the following as similarities between Eurospec35, Ex. L, and A-TACS FG Camo, Ex. C: an area of blended colors with shadowing behind the green color; seven other areas with similar shapes and colors; and a density within 5% between the two patterns. Cramer Dep. 198:12-204:7. Digital points out the following as differences: Eurospec35 uses five solid colors and has more green than A-TACS FG Camo's 12-color blend from light to dark green/brown; Eurospec35 uses pixilation unlike A-TACS FG Camo's softer and blended round shapes; Eurospec35 is more closed in with greater density than A-TACS FG Camo; and Eurospec35 has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation. Duke Aff. ¶¶ 71-81.

### E. CAMOPAT

Cramer identifies the following as similarities between CAMOPAT, Ex. J, and A-TACS FG Camo, Ex. C: density and horizontal flow, shading in the bright green areas, and the arrangement of a darker horizontal region. Cramer Dep. 206:6-208:1. Digital points out the following as differences: CAMOPAT uses four solid colors and has more dark brown to green than

6

A-TACS FG Camo's 12-color blend from light to dark green/brown; CAMOPAT uses pixilation, angular shapes, and beige and light green outlining in contrast to A-TACS FG Camo's softer and blended round shapes; CAMOPAT is more closed in with greater density than A-TACS FG Camo; and CAMOPAT has horizontal and vertical elements stretched out to appear more horizontal compared to A-TACS FG Camo's horizontal orientation.  Duke Aff. ¶¶ 93-103.

### F. CAMOPAT Advanced Recon

Cramer identifies the following as similarities between CAMOPAT Advanced Recon, Ex. K, and A-TACS FG Camo, Ex. C: density and horizontal flow; dark areas with a shadowing effect; a macro pattern interspersed with thinner parts; and three other regions with similar arrangements.  Cramer Dep. 210:19-213:19. Digital points out the following as differences: CAMOPAT Advanced Recon uses five[4] colors and has a more even green to brown ratio than A-TACS FG Camo's 12-color blend from light to dark green/brown; CAMOPAT Advanced Recon uses pixilation, angular shapes, and dark and light outlining in contrast to A-TACS FG Camo's softer and blended round shapes; CAMOPAT Advanced Recon is more closed in with greater density than A-TACS FG Camo; and CAMOPAT Advanced Recon's horizontal elements

---

[4] The Court acknowledges that Cramer points out seven different colors in this pattern in his video deposition.  Cramer Dep. 212:16-213:3.

7

are less noticeable compared to A-TACS FG Camo's horizontal orientation. Duke Aff. ¶¶ 115-25.

    G.    <u>Ghostex Delta-6</u>

Cramer identifies the following as similarities between Ghostex Delta-6, Ex. O, and A-TACS FG Camo, Ex. C: four regions with similar arrangement of shapes and similar shadowing between dark and light areas. Cramer Dep. 217:6-219:4, 215:17-24. Digital points out the following as differences: Ghostex Delta-6 uses four grey tones and one green color compared to A-TACS FG Camo's 12-color blend from light to dark green/brown; Ghostex Delta-6 has hard edges but uses pixels to create rounder shapes while A-TACS FG Camo uses soft and blended round shapes; Ghostex Delta-6 is more closed in with greater density than A-TACS FG Camo; and Ghostex Delta-6 has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation. Duke Aff. ¶¶ 82-92.

    H.    <u>Ghostex Delta-1</u>

Cramer identifies the following as similarities between Ghostex Delta-1, Ex. N, and A-TACS FG Camo, Ex. C: an area where the brightest color is next to the second-brightest color with the darkest color creating a shadow; two areas with the second-brightest color next to the third-brightest color; an area with the same configuration; an area with the macro pattern bending down at an angle with different shadows; an area with a dominant

leaf color next to a dark color with a shadow; three other areas with similar configurations, and density within 5-10%. Cramer Dep. 220:13-224:22. Digital points out the following as differences: Ghostex Delta-1 uses four solid colors with fader pixels and has more dark brown to green than A-TACS FG Camo's 12-color blend from light to dark green/brown; A-TACS FG Camo has softer edges and more blended round shapes; Ghostex Delta-1 is more closed in with greater density than A-TACS FG Camo; and Ghostex Delta-1 has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation. Duke Aff. ¶¶ 38-48.

### I.   Ghostex Alpha-3

Cramer identifies the following as similarities between Ghostex Alpha-3, Ex. M, and A-TACS FG Camo, Ex. C: horizontal flow; density within 5-10%; areas where the lightest color is "feathered" so that colors flow together; areas with dark areas being shadowed by the darkest area; two areas with bright area transitions down to dark areas; and some soft blended edges. Cramer Dep. 225:14-228:1. Digital points out the following as differences: Ghostex Alpha-3 uses six colors blended with dithering effects and has closer tones of green, brown, and tan compared to A-TACS FG Camo's 12-color blend with broader contrast from light to dark green/brown; Ghostex Alpha-3 uses pixilation and circular swirled distortion in contrast to A-TACS

9

FG Camo's soft and round edged shapes; Ghostex Alpha-3 is more closed in with greater density than A-TACS FG Camo; and Ghostex Alpha-3 has a more even distribution of horizontal and vertical elements than A-TACS FG Camo's horizontal orientation.  Duke Aff. ¶¶ 126-36.

## DISCUSSION

To establish copyright infringement, HyperStealth must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Absent direct proof of copying, HyperStealth may prove copying by demonstrating that (1) Digital had access to HyperStealth's patterns and (2) Digital's pattern is substantially similar to HyperStealth's patterns.  *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1223 (11th Cir. 2008).  In its motion for summary judgment, Digital maintains that no reasonable factfinder could conclude that its A-TACS FG Camo pattern is substantially similar to any of HyperStealth's copyrighted patterns.

Because the substantial similarity issue often involves subjective determinations, summary judgment is not appropriate unless (1) "the similarity between two works concerns only non-copyrightable elements" or (2) "no reasonable jury, properly instructed, could find that the two works are substantially

similar." *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1302 (11th Cir. 2008) (internal quotation marks omitted); *accord Beal v. Paramount Pictures Corp.*, 20 F.3d 454, 459, 460 n.4 (11th Cir. 1994). In identifying non-copyrightable elements from those protected by copyright, "copyright protection does not extend to ideas but only to particular expressions of ideas." *Oravec*, 527 F.3d at 1224 (citing 17 U.S.C. § 102(b)). Therefore, the substantial similarity test, "whether an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work," is applied only to elements of protectable expression. *Baby Buddies, Inc. v. Toys R Us, Inc.*, 611 F.3d 1308, 1315-16 (11th Cir. 2010) (internal quotation marks omitted).

The Court has thoroughly reviewed Digital's A-TACS FG Camo pattern side by side with each of HyperStealth's nine patterns as well as the video deposition testimony depicting Cramer pointing to specific parts of both parties' patterns and describing what he finds similar about them. In making its comparisons, the Court has separated out the unprotected elements from the protected ones. Based on these comparisons, the Court finds that a genuine factual dispute exists as to whether substantial similarity in protected expression exists

between HyperStealth's patterns and Digital's A-TACS FG Camo pattern. Therefore, summary judgment must be denied.

In its reply brief, Digital argues for the first time that even if HyperStealth raises a genuine issue of material fact as to substantial similarity, Digital would still be entitled to summary judgment based on its evidence of independent creation. "[P]roof of access and substantial similarity raises only a presumption of copying," and that presumption can be rebutted "with evidence of independent creation." *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982). When evidence of independent creation is presented, the party claiming infringement has the burden of proving that copying in fact occurred. *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1375 (5th Cir. 1981).[5]

In support of its independent creation defense, Digital relies upon Duke's testimony and a video reenactment purportedly showing the steps Duke took to create the pattern. Duke Aff. ¶ 11-34, ECF No. 42; Duke Dep. 16:13-16, ECF No. 38; Pl.'s Mot. for Summ. J. Ex. I, Duke's Video, ECF No. 34-4, filed manually with the Court. This evidence, however, is not uncontested. HyperStealth disputes Duke's testimony with circumstantial evidence that Digital in fact copied the patterns from

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

HyperStealth's website. Digital's IP address is a "top 30 visitor" of HyperStealth's website, totaling 124 visits and 61 megabytes of information downloaded, for the three months prior to Digital's creating its A-TACS FG Camo pattern in October 2011. Cramer Decl. ¶ 14, ECF No. 55; Def.'s Resp. in Opp'n to Pl.'s Mot. for Summ. J. Ex. K, Email from S. Werner to T. Hargrove (Feb. 14, 2013), ECF No. 58-12. Duke admits to having seen a page of HyperStealth's website in 2010 when his partner Hanks showed it to him, Duke 30(b)(6) Dep. 66:19-67:24, ECF No. 39, and Hanks admits to having visited the website on a daily basis since 2010 for market research, Pl.'s Mot. for Summ. J. Ex. A, Hanks Aff. ¶ 10, ECF No. 34-2. Construing all reasonable inferences in HyperStealth's favor as required at this stage of the proceedings, the Court finds that a jury could disbelieve Duke and/or Hanks and reasonably conclude that Duke saw HyperStealth's patterns on its website and copied them. A jury could also conclude that Hanks saw HyperStealth's patterns and used his "market research" in the creation of Digital's A-TACS FG Camo pattern. Genuine factual disputes exist on these issues.

HyperStealth also disputes that the video reenactment proves Duke independently created Digital's pattern. HyperStealth argues that a reasonable jury could find that Duke missed several steps in his demonstration and that these

13

omissions cast doubt upon his contentions regarding independent creation. For example, Duke did not show the way he superimposed images and dropped out backgrounds in Photoshop before putting the processed pictures together. Def.'s Resp. in Opp'n to Pl.'s Mot. for Summ. J. Ex. G, Duke 30(b)(6) Dep. 220:24-221:15, ECF No. 58-8. Nor did he show the several steps he went through to apply filters, select image sizes, or select how layers overlapped. *Id.* at 222:16-223:10. These conflicts in the evidence further demonstrate that genuine factual disputes exist regarding Digital's independent creation defense. Accordingly, summary judgment is not appropriate.

## CONCLUSION

For the reasons explained in this Order, Digital's Motion for Summary Judgment (ECF No. 34) is denied.

IT IS SO ORDERED, this 19th day of November, 2013.

                              S/Clay D. Land
                                  CLAY D. LAND
                         UNITED STATES DISTRICT JUDGE