### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### COLUMBUS DIVISION

| | |
|---|---|
| DIGITAL CONCEALMENT SYSTEMS, LLC )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HYPERSTEALTH BIOTECHNOLOGY )<br>CORP. )<br>)<br>Defendant. ) | CIVIL ACTION FILE NO.<br><br>4:11-cv-00195-CDL |

### DEFENDANT HYPERSTEALTH BIOTECHNOLOGY CORP.'S
### <u>PROPOSED JURY INSTRUCTIONS</u>

Defendant HyperStealth Biotechnology Corp.'s ("HyperStealth") submits the following jury instructions it proposes for use at trial.

Respectfully submitted February 12, 2014.

                                                                                   Alston & Bird LLP

                                                                                  <u>s/ Suzanne Werner</u>
                                                                                   A. Shane Nichols
                                                                                    (Ga. Bar No. 542654)
                                                                                  C. Suzanne Werner
                                                                                   (Ga. Bar No. 321398)
                                                                                  1201 West Peachtree Street
                                                                                  Atlanta, Georgia  30309
                                                                                  Telephone: (404) 881-7000
                                                                                  Facsimile: (404) 881-7777
                                                                                  Email:  shane.nichols@alston.com
                                                                                  Email:  suzanne.werner@alston.com

                                                                                 **ATTORNEYS FOR DEFENDANT**
                                                                                 **AND COUNTERCLAIM PLAINTIFF**
                                                                                 **HYPERSTEALTH BIOTECHNOLOGY**
                                                                                 **CORP.**

**General Preliminary Instruction**
Eleventh Circuit Civil Pattern Jury Instruction 1.1

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply—and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence"— simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job to give each piece of evidence whatever weight you think it deserves.

2

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did—unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence—this is also called "striking" evidence—and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;
- the witness's memory;
- the witness's manner while testifying;
- any interest the witness has in the outcome of the case;
- any bias or prejudice the witness may have;
- any other evidence that contradicts the witness's
- testimony;
- the reasonableness of the witness's testimony in light of all the evidence; and
- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Defendant, HyperStealth, claims the Plaintiff, DCS, infringed its copyrights by copying all or part of nine of HyperStealth's copyrighted camouflage patterns. DCS denies the claims of copyright infringement and contends that it could not have infringed because it did not even see HyperStealth's patterns before creating its own pattern.

Burden of proof:

HyperStealth has the burden of proving its case by what the law calls a "preponderance of the evidence." That means HyperStealth must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the evidence favoring HyperStealth and the evidence favoring DCS on opposite sides of balancing scales, HyperStealth needs to make the scales tip to its side. If HyperStealth fails to meet this burden, you must find in favor of DCS.

To decide whether any fact has been proved by a preponderance of the evidence, you may—unless I instruct you otherwise—consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," DCS has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts DCS must prove for any affirmative defense. After considering all the evidence, if you decide that DCS has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything—all the evidence, the lawyers' closing

arguments, and my instructions on the law—before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair—no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, HyperStealth will present its witnesses and ask them questions. After HyperStealth questions the witness, DCS may ask the witness questions—this is called "cross-examining" the witness. Then DCS will present its witnesses, and HyperStealth may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**Overview of Copyrights**
Eleventh Circuit Civil Pattern Jury Instruction 1.6

This case involves a dispute relating to copyrights. To help you understand the evidence in this case, I will explain some of the legal concepts and terms you may hear during the trial.

Copyright law reflects a balance between society's interest in encouraging the creation of original works by rewarding authors on the one hand, and society's competing interest in the free flow of ideas and information on the other hand. The goal of copyright law attempts to strike a balance between protecting an author's particular expression, while also protecting the right of others to use the same concepts, ideas or facts.

Copyright protects original works of authorship that are expressed in a form that can be perceived, reproduced, or communicated.

Works of authorship can include literary works, musical works, dramatic works, pantomimes, choreographic works, pictorial works, graphic works, sculptural works, motion pictures, audiovisual works, sound recordings, or architectural works.

Copyright protection, however, does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in the work.

To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. A work may be original even though it closely resembles other works so long as the similarity is not the result of copying. To illustrate, assume that two poets, each unaware of the other, compose identical poems. Both poems may be considered original.

The owner of a copyright has the exclusive right to reproduce, or copy, distribute copies of, and prepare derivative works based on the copyrighted work for a specific period of time.

In this case, HyperStealth claims ownership of a copyright in nine camouflage patterns titled CAMOPAT, CAMOPAT Advanced Recon, Eurospec35, Ghostex Alpha-3, Ghostex Delta-1, Ghostex Delta-6, Polecam, SOPAT, and SpecAm, and claims Digital has infringed the asserted copyright by copying the work without authorization. Digital denies infringing the asserted copyright.

**Copyright—Infringement—Introduction to Elements**
Eleventh Circuit Civil Pattern Jury Instruction 9.17

The parties have stipulated that HyperStealth's copyrights are valid, and that HyperStealth is the rightful owner of those copyrights. You should consider whether Digital Concealment improperly copied HyperStealth's copyrighted material. It is HyperStealth's burden to show that Digital Concealment infringed its copyrights. This is called "infringement" of a copyright.

In this case, HyperStealth claims that Digital Concealment infringed its copyrights in its camouflage patterns by copying parts of them and including the copied material in Digital Concealment's work, the A-TACS FG Camo pattern. To succeed on this claim, HyperStealth must prove that Digital Concealment copied the parts of HyperStealth's copyrighted work that the law protects.

There are two ways in which HyperStealth can prove a claim of copyright infringement.

First, HyperStealth can show direct evidence that Digital Concealment actually copied the copyrighted material. For example, HyperStealth could introduce believable eyewitness testimony or an admission by Digital Concealment. Such direct evidence is rare.

Or second, HyperStealth can show indirect or circumstantial evidence that Digital Concealment copied its work. For example, indirect evidence of infringement may be proof that Digital Concealment tried to get a copy of HyperStealth's copyrighted patterns and then began selling a camouflage pattern that is substantially similar to HyperStealth's copyrighted patterns. In general, the two elements of infringement are (1) access and (2) substantial similarity.

**Copyright—Infringement—Access**
Eleventh Circuit Civil Pattern Jury Instruction 9.18

Remember, I described the two general elements of infringement as (1) access and (2) substantial similarity. I'll now discuss access in more detail.

HyperStealth can show that DCS had "access" to its copyrighted patterns by showing that DCS had a reasonable opportunity to see the copyrighted patterns. It isn't necessary to show that DCS actually saw HyperStealth's copyrighted patterns before creating DCS's own work if the evidence reasonably establishes that DCS could have seen them and could have copied them.

But you can't base a finding that DCS had access to HyperStealth's work on mere speculation, conjecture, or a guess. To support a finding of access, there must be more than just a slight possibility of access. There must be a reasonable possibility of access.

Sometimes HyperStealth can't show that DCS had access to its work before DCS created an alleged copy. In these cases, HyperStealth can still establish a rebuttable presumption of copying by showing that the material DCS allegedly copied is so strikingly similar to its copyrighted material that the similarity is unlikely to have occurred unless there was copying.

Put another way, if HyperStealth's copyrighted patterns and DCS's A-TACS pattern are so strikingly similar that a reasonable person would assume DCS copied from HyperStealth's patterns and that there is no possibility of independent creation, coincidence, or prior common source, then HyperStealth is entitled to a rebuttable presumption that copying occurred. "Strikingly similar" is a greater degree of similarity than "substantially similar."

An accused work is substantially similar to an original piece if an ordinary observer would conclude that the accused work's creator unlawfully took protectable material of substance and value from the original piece. Even if there is little similarity between the pieces, the accused work can still be substantially similar if the copied parts from the original piece are the important

quality. A "rebuttable presumption" means that you assume that copying occurred unless DCS proves that it didn't happen.

If HyperStealth shows (1) that DCS had access to the copyrighted material and that there is substantial similarity between the two works, or (2) that the works are strikingly similar, then the burden of proof shifts to DCS to prove that its work is an independent creation—not a copy. Proof that a work is an independent creation overcomes a presumption of copying.

**Copyright—Infringement—Substantial Similarity**
Eleventh Circuit Civil Pattern Jury Instruction 9.19

Having discussed access, I'll now discuss the issue of substantial similarity. HyperStealth must prove that DCS's accused work is substantially similar to its copyrightable expression in the copyrighted camouflage patterns. DCS's accused work is substantially similar in expression to HyperStealth's if an ordinary observer would conclude that DCS unlawfully took HyperStealth's protectable expression by taking material of substance and value.

Even if the degree of similarity between HyperStealth's copyrighted work and DCS's accused work is small in quantity, you can still find that there's substantial similarity if the copied portions of HyperStealth's copyrighted work are important in quality. But if DCS's copying is minimal or trivial, you shouldn't find infringement.

**Copyright—Infringement—Contributory Infringement**
Eleventh Circuit Civil Pattern Jury Instruction 9.20

In this case, HyperStealth claims that DCS is a contributory infringer. A "contributory infringer" is one who, with knowledge of another's infringing conduct, induces, causes, or materially contributes to the infringing conduct. "Knowledge" means the alleged contributory infringer actually knew, or had reason to know, of the infringement. If you find that there has been a direct infringement of HyperStealth's copyrighted materials by DCS, you can also consider whether there has been "contributory infringement" by a third party.

**Copyright—Defenses—Independent Creation**
Eleventh Circuit Civil Pattern Jury Instruction 9.24

As a defense, DCS asserts that it created its A-TACS FG pattern independently—without copying HyperStealth's copyrighted camouflage patterns. If you find by a preponderance of the evidence that DCS created its work independently without copying portions of HyperStealth's patterns, you should find in its favor.

**Copyright—Damages—General Charge**
Eleventh Circuit Civil Pattern Jury Instruction 9.31

If you find that HyperStealth has failed to prove its copyright-infringement claim or that DCS has proved its affirmative defense of independent creation by a preponderance of the evidence, you won't consider the question of damages. If you find that HyperStealth has proved by a preponderance of evidence that DCS has infringed HyperStealth's copyright, and DCS has not proved a defense, you must determine whether HyperStealth is entitled to recover damages.

If HyperStealth elects to recover only actual damages plus profits or elects to recover only statutory damages before the jury is instructed: In the next instruction, I'll define how you must determine the amount of damages, if any, to award to HyperStealth.

**Copyright—Damages—Actual Damages**
Eleventh Circuit Civil Pattern Jury Instruction 9.32

HyperStealth is entitled to recover any actual damages suffered because of the infringement. "Actual damages" means the amount of money adequate to compensate HyperStealth for the injury to the market value of the copyrighted work caused by the infringement. In this case, HyperStealth claims that the injury to the market value of its copyrighted work is measured by royalties paid to DCS, which constitute licensing revenue HyperStealth lost because of the infringement.

HyperStealth has the burden of first proving to a reasonable probability a causal connection between DCS's alleged act(s) of infringement and any injury to the market value of the copyrighted work at the time of infringement. If the HyperStealth does so, DCS must show that this injury to the market value of HyperStealth's copyrighted work would have occurred even if there had been no infringement by DCS.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing HyperStealth's Proposed Jury Instructions has been electronically filed on February 12, 2014 with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing and copy to counsel of record for all parties.

s/ Suzanne Werner<br>
C. Suzanne Werner